RUBY v. THE STATE.

Ruby
v.
The State.

1. In a change of venue in a criminal cause, the original indictment should be retained in the office of the clerk, in the county in which it is found. A copy only should be included in the transcript of the record and proceedings.

2. In an indictment framed under the 34th sect. of 2d art. of the act concerning crimes and punishments, the assault was described as being made with a knife, and the wound inflicted was termed a *stab*. Held, that the word *stab* was not used as a technical term, but must be construed in its ordinary acceptation.

Appeal from the Circuit Court of Clay County.

*Doniphan and Burnett for Defendant.*

1st. That the court erred in overruling the motion in arrest of judgment.

2d. The court erred in overruling the motion for a new trial.

3d. The court gave erroneous instructions.

*Opinion of the Court by Napton, Judge.*

James Ruby was indicted by the grand jury of Jackson county for a felonious assault. The indictment contained two counts; the first framed upon the 31st section of the 2d art. of the act concerning crimes and punishments; and the second upon the 34th section of the same article. The jury found the defendant guilty on the second count. That count charged, that defendant on, &c., at, &c., with a knife, which said knife was then and there a deadly weapon, likely to produce death and great bodily harm, and which said knife he the said Ruby in his right hand then and there had and held, in and upon one James Davenport in the peace of the State, then and there being, did feloniously make an assault, and him the said James Davenport did then and there feloniously stab, with intent then and there feloniously to commit manslaughter, by then and there feloniously killing the said James, contrary to the form, &c.

The defendant moved to set aside the verdict, because the trial had not been had upon the original indictment, but up-

on the record sent up from Jackson county, on a change of venue. A motion in arrest was also made, on the ground that the indictment was informal and defective. Both motions were overruled, and judgment was pronounced against Ruby in conformity with the verdict. An appeal was taken to this court.

The 26th section of the 5th article of the act regulating practice, and proceedings in criminal cases, provides, that where an order is made for the removal of a cause, the clerk of the court in which the cause is pending, shall make a full transcript of the record and proceedings in the cause, and transmit the same, duly certified, under the seal of the court, to the clerk of the court to which the removal is ordered. The 28th section provides, that when such transcript thus transmitted shall not be received, or lost or destroyed, the cause shall not, by reason thereof, be discontinued, but another transcript may be transmitted and filed, and proceedings thereon had as though no such loss or failure had happened. It is obvious that it is contemplated by this last section, that the original indictment is to be retained in the office of the county where it is found, otherwise a record transcript could not be made out as is directed by this act.

It is supposed, however, that a defendant may perchance, by the negligence, inaccuracies, or willful mistakes of a clerk, be prevented in this way from taking advantage of defects in the original indictment. This court would not, I apprehend, proceed upon any presumption that clerks would make mistakes in copying indictments any more than in making up any other record. The defendant is by our law entitled to a copy of the indictment found by the grand jury, and if any reasonable doubts could be made to appear that the copy furnished him was not a true copy, the court would not hesitate, by some suitable writ, to have the original produced. If he goes to trial on the record, certified and transmitted by the clerk, he cannot, after verdict, be permitted to raise objections, which, if they have any foundation in truth, are the result of his own laches.

*In a change of venue in a criminal cause, the original indictment should be retained in the office of the clerk, in the county in which it is found. A copy only should be included in the transcript of the record & proceedings.*

The indictment upon which the appellant was convicted,

Ruby
v.
The State.

is framed upon the 34th section of the 2d art. of the act concerning crimes and punishments. The charge is in substance, an assault with an intent to commit manslaughter. That assault is described as being made with a knife, and the wound inflicted is termed in the count a stab. The precedents framed under the British statutes of James, for stabbing and cutting, are conceived to be entirely inapplicable to this indictment. The word *stabbed* here is not used as a technical word, but it is to be construed in its ordinary acceptation. The witnesses, in speaking of the wound inflicted, describe it as being done with a knife, and give its length, breadth, and depth. The allegation of stabbing was sufficiently made out in this case.

Judgment affirmed.

In an indictment framed under the 34th sect. of 2d art. of the act concerning crimes & punishments, the assault was described as being made with a knife, and the wound inflicted was termed a *stab*. Held, that the word *stab* was not used as a technical term, but must be construed in its ordinary acceptation.